UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD HOUSER,

    Plaintiff,

v.                                      Case No: 2:16-cv-658-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Edward Houser seeks judicial review of the denial of his claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **AFFIRMED**.

I.    Issues on Appeal[1]

Plaintiff raises three issues on appeal: (1) whether the Administrative Law Judge ("ALJ") properly considered the opinions of non-medical sources; (2) whether the ALJ properly assessed the disability finding of the Department of Veterans

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

Affairs ("VA"); and (3) whether substantial evidence supports the ALJ's findings regarding Plaintiff's credibility.

## II. Procedural History and Summary of the ALJ's Decision

On February 27, 2012, Plaintiff filed his applications for DIB and SSI. Tr. 209-11, 217-25. Plaintiff alleged disability beginning on January 1, 2010 due to lower back pain, neck problems, high cholesterol, high blood pressure, right foot and ankle pain, depression, chronic obstructive pulmonary disease ("COPD") and erythema multiforme ("EM"). Tr. 94. The claims were denied initially and upon reconsideration. Tr. 125-29, 131-36, 140-44, 146-50. Plaintiff requested a hearing before an ALJ and received a hearing before ALJ Mary F. Withum on January 5, 2015. Tr. 169-75. Plaintiff, who was represented by an attorney, appeared and testified via video teleconference at the hearing.[2] Tr. 33. Vocational expert ("VE") Jeffery Lucas appeared and testified in person at the hearing. *See* Tr. 31-71.

On February 23, 2015, the ALJ issued a decision finding Plaintiff not disabled prior to June 15, 2014 and also not disabled at any time through December 31, 2013, the date last insured. Tr. 14-23. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013 and has not engaged in substantial gainful activity since January 1, 2010, the alleged onset date. Tr. 16. At step two, the ALJ found that since January 1, 2010, Plaintiff has the following severe impairments: degenerative disc disease and right ankle

---

[2] The ALJ presided over the hearing in Falls Church, Virginia, and Plaintiff appeared from Fort Myers, Florida. Tr. 33.

arthritis. *Id.* At step three, the ALJ concluded that since January 1, 2010, Plaintiff "has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18. The ALJ then determined that since January 1, 2010, Plaintiff has the residual functional capacity ("RFC") to perform sedentary work,[3] except that Plaintiff "can only occasionally stoop, crouch, kneel, and crawl. [Plaintiff's] work is limited to simple, routine, and repetitive tasks." *Id.*

Next, the ALJ found that since January 1, 2010, Plaintiff has been unable to perform his past relevant work. Tr. 21. At step five, in considering Plaintiff's age, education, work experience and RFC, the ALJ found that prior to June 15, 2014, the date Plaintiff's age category changed, there were jobs that existed in significant numbers in the national economy Plaintiff could have performed. Tr. 22. Beginning on June 15, 2014, however, the ALJ held that considering Plaintiff's age, education, work experience and RFC, there are no jobs that exist in significant numbers in the national economy Plaintiff could perform. Tr. 23. Thus, the ALJ concluded that Plaintiff was not disabled prior to June 15, 2014, but became disabled on that date and has continued to be disabled through the date of the decision. *Id.*

---

[3] The regulation defines sedentary work as work that involves:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a).

The ALJ also determined that Plaintiff was not under a disability at any time through December 31, 2013, the date last insured. *Id.*

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on June 30, 2016. Tr. 1-4. Accordingly, the ALJ's February 23, 2015 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on August 26, 2016. Doc. 1. Both parties have consented to the jurisdiction of the United States Magistrate Judge, and this matter is now ripe for review. Docs. 8, 10.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[4] The Commissioner has established a five-

---

[4] The Court notes that after Plaintiff filed his applications and the ALJ issued the decision, certain Social Security rulings and regulations have been amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision, unless regulations specify otherwise. *Green v. Soc. Sec. Admin., Comm'r*, — F. App'x —, 2017 WL 3187048, at *4 (11th Cir. July 27, 2017) (in reviewing the ALJ's decision, refusing to apply SSR 16-3p retroactively because "administrative rules are not generally applied retroactively."); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply."). *See also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (holding that when the Appeals Council denies review of the ALJ's decision, appellate courts review the ALJ's decision as the Commissioner's final decision).

step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §416.920. The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner. *Id.* at 933; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP,* 95 F.3d 1079, 1082 (11th Cir. 1996)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) (citing *Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

## IV. Discussion

### a. *Whether the ALJ properly assessed the opinions of non-medical sources*

At issue here are the opinions of two non-medical sources: a single decision-maker ("SDM") and a chiropractor. Tr. 20-21. In assessing Plaintiff's RFC, the ALJ considered the opinion of SDM Kathryn Starling ("Starling"), who assessed Plaintiff's physical RFC on April 19, 2012. Tr. 78-79, 89-90. The ALJ noted that Starling found Plaintiff could perform "a reduced range of light work," but accorded little weight to this opinion because she is not an acceptable medical source. Tr. 20 n.2.

Plaintiff's chiropractor, Chance A. Wunderlich, D.C., had treated Plaintiff from May 17, 2011 to December 24, 2014. Tr. 501-37, 543-52, 723-29, 997-1002, 1011-17. In assessing Plaintiff's RFC, the ALJ discussed Dr. Wunderlich's treatment notes, such as that "[Plaintiff] felt improvement with his muscles and slow improvement with every treatment," and "[Plaintiff] responded well to spinal surgery, as he consistently reported improvement in chiropractic treatment sessions." Tr. 19-20.

On December 24, 2014, Dr. Wunderlich completed a physical capacity evaluation of Plaintiff. Tr. 1019-20. The ALJ considered and accorded little weight to this opinion because:

> [Dr.] Wunderlich, found that [Plaintiff] was limited to one hour of standing or walking, two hours of sitting, five pounds of lifting, no fine manipulation, and no bending or climbing (Exhibit 20F/2-3). However, Mr. Wunderlich is not an acceptable medical source. In addition, his findings contradict his own treatment notes where he found consistent improvement from [Plaintiff] (Exhibit 17F/2-4). Since his findings contradict his own treatment notes, he likely relies on the subjective reports of [Plaintiff] for his opinion, which therefore lacks acceptable medical diagnostic foundation.

Tr. 21.

Plaintiff argues that the ALJ should not have considered or accorded any weight to Starling's opinion. Doc. 12 at 9-10. He further asserts that the ALJ erred by according only little weight to Dr. Wunderlich's RFC assessment, despite his extensive treatment history. *Id.* at 10-11. The Commissioner responds that the ALJ properly considered and accorded little weight to the opinions of Starling and Dr. Wunderlich. Doc. 13 at 3-7.

The Court finds Plaintiff's argument logically flawed because he argues that the ALJ erred by even considering the opinion of Starling while according only little weight to the opinion of Dr. Wunderlich. Doc. 12 at 9-11. Contrary to Plaintiff's argument, both Starling and Dr. Wunderlich are nonmedical sources who assessed Plaintiff's RFC. Tr. 78-79, 89-90, 1019-20. As a result, the Court finds that the ALJ properly considered and accorded little weight to their RFC assessments. Tr. 20-21.

First, Starling is a nonmedical source whose RFC assessment the ALJ may consider. Tr. 78-79, 89-90. A SDM is a nonmedical source, who makes an initial disability determination after "any appropriate consultation with a medical or psychological consultant." 20 C.F.R. § 404.906(b)(2); *Siverio v. Comm'r of Soc. Sec.*, 461 F. App'x 869, 871 (11th Cir. 2012) ("[T]he 'SDM' designation connotes no medical credentials"). The regulations provide that an ALJ may consider opinions from nonmedical sources. 20 C.F.R. §§ 404.1527 (f)(1), 416.927(f)(1). "Although the ALJ should consider evidence from non-medical sources, the ALJ is not required to assign

the evidence any particular weight." *Farnsworth v. Soc. Sec. Admin.*, 636 F. App'x 776, 784 (11th Cir. 2016) (citing SSR 06-03p, 2006 WL 2329939, at *1 (Aug. 9, 2006)). "Instead, whether and how much weight the ALJ should give this kind of evidence depends upon the particular facts of the case and a variety of factors, including whether the opinion is consistent with other evidence in the record." *Id.* at 785 (citing SSR 06-03p, 2006 WL 2329939, at *4 (Aug. 9, 2006)).

Accordingly, the ALJ properly considered Starling's RFC assessment because the ALJ assessed Plaintiff's RFC based on all of the evidence in the record, including Plaintiff's medical evidence, and Starling's opinion was not dispositive on the ALJ's determination. Tr. 18-21. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (finding that the ALJ's characterization of the SDM as a doctor and reliance on the SDM's opinion were harmless errors because the ALJ considered all of the evidence in the record to assess the claimant's RFC and "there [was] nothing to indicate that the opinion of the SDM was anything more than cumulative of other evidence, let alone dispositive."); *Signore v. Comm'r of Soc. Sec.*, No. 8:12-cv-00935-T-27MAP, 2013 WL 5353311, at *3-*4 (M.D. Fla. Sept. 24, 2013) (holding that the ALJ's reference to the SDM as a state agency consultant and consideration of the SDM's RFC assessment were harmless because the ALJ assessed the plaintiff's RFC by considering all of the evidence in the record).

Similar to Starling, Dr. Wunderlich is a nonmedical source whose opinion is not equally entitled any significant weight. Tr. 1019-20. The Eleventh Circuit has noted that "an ALJ has no duty to give significant or controlling weight to a

chiropractor's views because, for [Social Security Administration] purposes, a chiropractor is not a 'medical source' who can offer medical opinions." *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 745 (11th Cir. 2012); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (holding that the ALJ's decision to discount the opinion of the claimant's treating chiropractor was supported by substantial evidence as a chiropractor is not considered an "acceptable source" and thus cannot establish the existence of an impairment and his findings were inconsistent with his own treatment notes).

In addition to being nonmedical sources, both Dr. Wunderlich and Starling assessed Plaintiff's RFC, which is an issue reserved for the Commissioner. RFC assessments and the application of vocational factors are exclusively reserved to the Commissioner. SSR 96-6p, 1996 WL 374180 (July 2, 1996); 20 C.F.R. § 404.1527(d)(2); *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's [RFC] is a matter reserved for the ALJ's determination."). The regulations provide that the Commissioner "will not give any special significance to the source of an opinion on issues reserved to the Commissioner. . . ." 20 C.F.R. § 404.1527(d)(2). Accordingly, the ALJ was not required to assign any significant weight to the RFC assessments of Starling and Dr. Wunderlich. *See id.*

Plaintiff challenges the ALJ's analysis of Dr. Wunderlich's treatment notes by presenting evidence contradicting this finding. Doc. 12 at 10-11. But assessing conflicting evidence was within the ALJ's discretion because "when there is credible evidence on both sides of an issue it is the Secretary, acting through the ALJ, and not

the court, who is charged with the duty to weigh the evidence and to determine the case accordingly." *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984) (citing *Richardson*, 402 U.S. at 389-409). Thus, the Court will not overturn the ALJ's decision simply because, as Plaintiff argues, conflicting medical evidence exists, and the ALJ resolved the conflicts in the evidence of record. Doc. 12 at 10-11. *See Powers, 738 F.2d at 1152; Lacina*, 606 F. App'x at 525 (citing *Grant*, 445 F.2d at 656) ("It is 'solely the province of the Commissioner' to resolve conflicts in the evidence and assess the credibility of witnesses.").

Based on the findings above, the ALJ properly considered Starling's assessment that Plaintiff could perform "a reduced range of light work" and did not accept it by holding that Plaintiff could perform sedentary work, which is more restrictive than light work. Tr. 18, 20 n.2; *see* 20 C.F.R. § 404.1527(d)(2); *Farnsworth*, 636 F. App'x at 784-85. Likewise, the ALJ properly accorded little weight to Dr. Wunderlich's RFC assessment. Tr. 21; *see* 20 C.F.R. § 404.1527(d)(2); *Farnsworth*, 636 F. App'x at 784-85.

> b. *Whether the ALJ properly assessed the disability finding of the VA*

On March 23, 2012, the VA issued a one-page decision regarding Plaintiff's disability, stating in part:

> The Disabled American Veterans (DAV) has reviewed the most recent VA decision concerning your claim for benefits. A combined evaluation of 40 percent has been assigned as a result of the following action(s):
>
> I) Service connection for radiculopathy of the right lower extremity is granted secondary to your service connected intervertebral disc syndrome (previously rated under DC S292, spondylolysis LS with subluxation LS-SJ and narrowing LS disc space) with an evaluation of

> 20 percent effective September 13, 2011.
>
> 2) Service connection for radiculopathy of the left lower extremity is granted secondary to your service connected intervertebral disc syndrome (previously rated under DC S292, spondylolysis LS with subluxation LS-S 1 and narrowing LS disc space) with an evaluation of 10 percent effective September 13, 2011.
>
> 3) Evaluation of intervertebral disc syndrome (previously rated under DC S292, spondylolysis LS with subluxation LS-SJ and narrowing LS disc space), which is currently 10 percent disabling, is continued.
>
> 4) A decision on entitlement to compensation for cervical spine strain is deferred.

Tr. 1022. The decision does not identify a person who evaluated Plaintiff's evidence. *Id.* The ALJ assigned very little weight to this decision because "it is unclear whether this assessment is from an acceptable medical source []. In addition, the [VA] uses a different disability standard than the Social Security Administration []. Most critically, this disability percentage is a summary letter and not a function-by-function analysis pursuant to SSR 96-8p []." Tr. 21.

Plaintiff argues that the ALJ erred by assigning little weight to the VA's disability rating. Doc. 12 at 11-13. The Commissioner responds that the ALJ properly considered the VA's disability rating, and this rating is not inconsistent with the ALJ's RFC findings. Doc. 13 at 7-9. The Court finds that the ALJ properly considered and evaluated the VA's disability decision. Tr. 21, 1022.

The Eleventh Circuit has held that the VA's disability rating is evidence that should be considered and given great weight. *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (quoting *Olson v. Schweiker*, 663 F.2d 593, 597 n.4 (5th Cir. 1981));

see also *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)[5] (noting that while a VA rating is "certainly not binding on the Secretary, [] it is evidence that should be considered and is entitled to great weight"); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983) ("The findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight.").

The regulations further provide that the Commissioner is "required to evaluate all the evidence in the case record that may have a bearing on [its] determination or decision of disability, including decisions by other governmental and nongovernmental agencies. Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006) (internal citations omitted). Because other agency decisions and the evidence used by other agencies may provide insight into the claimant's mental and physical impairments, the Commissioner is required to evaluate them in accordance with 20 C.F.R §§ 404.1527 and 416.927 and SSR 96-2p and 96-5p. *Id.* at *7. In addition, although "other agencies may apply different rules and standards than [the Commissioner] do[es] for determining whether an individual is disabled," the ALJ "should explain the consideration given to these decisions in the notice of decision for hearing cases." *Id.*

Accordingly, other courts as well as this Court have rejected vague and passing statements concerning a VA disability rating without any real evaluation or

---

[5] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

- 13 -

discussion of the basis for the VA rating. *See, e.g., Watson v. Comm'r of Soc. Sec.*, No. 2:15-cv-185-FtM-CM, 2016 WL 3922937, at *3-*8 (M.D. Fla. July 21, 2016) (finding that the ALJ erred by mentioning the VA's disability rating of 100% and decision only in passing); *Hogard v. Sullivan*, 733 F. Supp. 1465 (M.D. Fla. 1990); *Gibson v. Comm'r of Soc. Sec.*, 725 F. Supp.2d 1347 (M.D. Fla. 2010); and *Salamina v. Colvin*, No. 8:12-cv-985-T-23TGW, 2013 WL 2352204, *3-*4 (M.D. Fla. May 29, 2013). In *Salamina*, the court found the ALJ's discussion of the VA disability rating insufficient because:

> There is not even a statement acknowledging the weight to be afforded to such ratings. It is, therefore, impossible to determine whether the law judge simply overlooked the disability rating, or whether she gave it the appropriate consideration and weight.
>
> Moreover, it is speculation for the Commissioner to assert that the law judge gave the VA rating great weight, albeit implicitly. . . .

2013 WL 2352204 at *4. A VA's disability rating must be even "more closely scrutinized by the ALJ" if the rating is of 100%. *Rodriguez*, 640 F.2d at 686.

The Court finds that this case is distinguishable from the opinions explained above because the VA's disability rating here was only 40%, and unlike in those cases, here the ALJ meaningfully discussed and evaluated the VA's decision. Tr. 21, 1022. *Cf. Rodriguez*, 640 F.2d at 686; *Salamina,* 2013 WL 2352204 at *4; *Watson*, 2016 WL 3922937, at *3-*8. The ALJ here specifically assigned little weight to the VA's disability decision based on the appropriate reasons articulated in her decision, such as different standards for a disability determination. Tr. 21, 1022; *Pearson v. Astrue*, 271 F. App'x 979, 981 (11th Cir. 2008) (upholding the ALJ's discussion of the VA's disability rating because "[t]he record establishes that the [ALJ] considered the

- 14 -

rating in his decision and correctly explained that a claimant had to satisfy a more stringent standard to be found disabled under the Social Security Act.").

In fact, the regulations make clear that another government agency's disability decision is not binding on the Commissioner, and the Commissioner must make a disability determination based on social security law. 20 C.F.R. §§ 404.1504, 406.904; *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 940 (11th Cir. 2011). Accordingly, "if the other agency's standard for determining disability deviates substantially from the Commissioner's standard, [it is not] error for the ALJ to give the agency's finding less than substantial weight." *Hacia v. Comm'r of Soc. Sec.*, 601 F. App'x 783, 786 (11th Cir. 2015). The ALJ also may give little weight to another agency's disability determination if the decision is short and conclusory. *Davis-Grimplin v. Comm'r, Soc. Sec. Admin.*, 556 F. App'x 858, 863 (11th Cir. 2014) ("[T]he ALJ was plainly justified in giving little weight to the State of Florida's disability determination because all that [the claimant] introduced was a one-page, conclusory document acknowledging that she was receiving worker's compensation benefits.").

Here, the ALJ clearly considered and scrutinized the VA's decision. Tr. 21, 1022. In support, the ALJ correctly found that the VA's disability standard differs from that of the Social Security Administration, and the VA's decision is a "summary letter" that does not contain any function-by-function analysis or the identity of the reviewer. Tr. 21; *Hacia*, 601 F. App'x at 786; *Davis-Grimplin*, 556 F. App'x at 863. Furthermore, the VA's decision provides no insight into Plaintiff's alleged disabilities other than his back impairment because, as Plaintiff admits, "the VA only considered

Plaintiff's back impairment because that is his only service-connected disability." Doc. 12 at 12; Tr. 1022. Accordingly, the Court finds that the ALJ properly analyzed and accorded little weight to the VA's disability decision. Tr. 21; *Torresi v. Comm'r of Soc. Sec.*, No. 8:16-cv-2257-T-23JSS, 2017 WL 2361521, at *5 (M.D. Fla. May 11, 2017) (holding that the ALJ properly accorded little weight to the VA's disability decision "due to the lack of a functional capacity evaluation, discrepancies between the decision and Plaintiff's medical records, and because the VA's disability standard is disparate from the Commissioner's").

### c. *Whether substantial evidence supports the ALJ's findings regarding Plaintiff's credibility*

In her decision, the ALJ held in relevant part that:

After careful consideration of the evidence, I find that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. To [Plaintiff's] credit, he did have a consistent work history prior to his onset date (Exhibit 3D). However, he did acknowledge that he stopped working because he was laid off and no work was available, and did not quit because of his impairments (Exhibit 2E). In addition, in an evaluation before his spinal surgery, [Plaintiff] was assessed as someone who did not need an assistive device, which contradicts his cross-examination testimony of needing a cane (Exhibit 9F/41, hearing testimony).

[Plaintiff] also alleges a respiratory impairment, yet continued to smoke two packs of cigarettes per day as recently as July 2013 (Exhibit 14F/27). Importantly, there is limited mental health treatment in the record *(See* Exhibit 1F-22F). [Plaintiff] further acknowledged a misuse of medication when he took his mother's Xanax (Exhibit 14F/61-62). Notably, [Plaintiff] responded well to spinal surgery, as he consistently reported improvement in chiropractic treatment sessions (Exhibit l 7F). Further, [Plaintiff] engaged in strenuous activities such as repairing a boat (Exhibit 13F/2). Additionally, [Plaintiff] reported that he is able to

> complete all activities of daily living, including housework (Exhibit 22F/9). The above factors show that [Plaintiff's] impairments do not limit him to less than sedentary work.

Tr. 20.

Plaintiff argues that substantial evidence does not support the ALJ's finding that Plaintiff did not need an assistive device prior to his spinal surgery. Doc. 12 at 14. Plaintiff also asserts that the ALJ considered only a single activity instead of Plaintiff's extensive treatment notes and objective medical findings by finding that Plaintiff engaged in "strenuous activities." *Id.* at 14-15. The Commissioner responds that substantial evidence supports the ALJ's analysis of Plaintiff's evidence and her credibility findings. Doc. 13 at 9-13.

The Eleventh Circuit has long recognized that "credibility determinations are the province of the ALJ." *Moore v. Barnhart,* 405 F.3d 1208, 1212 (11th Cir. 2005) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). If the objective medical evidence does not confirm the severity of the alleged symptoms but indicates that the claimant's impairments could reasonably be expected to produce some degree of pain and other symptoms, the ALJ must evaluate the intensity and persistence of a claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c)(1) (2014); *Wilson*, 284 F.3d at 1225-26; *Foote*, 67 F.3d at 1561. The ALJ compares the claimant's statements with the objective medical evidence, the claimant's daily activities, treatment and medications received, and other factors concerning limitations and restrictions the symptoms cause. *See* 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

First, the Court finds that Plaintiff misstates the ALJ's finding as if the ALJ determined that Plaintiff's need for an assistive device "was not noted in a single treatment note prior to his spinal fusion surgery." Doc. 12 at 14. In contrast, on October 18, 2011, Robert M. Luber, D.O., evaluated Plaintiff's back conditions and completed a Disability Benefits Questionnaire because Plaintiff applied for the VA's disability benefits. Tr. 584-96. The ALJ accurately described in her decision that Dr. Luber assessed Plaintiff as "someone who did not need an assistive device." Tr. 20, 593-94. Furthermore, the ALJ also correctly noted Plaintiff's testimony that he does not use a cane or walker and walks daily without a cane. Tr. 19, 42, 49, 56 (testifying that he stopped using a walker about nine months prior to the hearing before the ALJ).

Furthermore, contrary to Plaintiff's argument that the ALJ focused on Plaintiff's performance of strenuous activities, the ALJ considered Plaintiff's evidence as a whole, citing Plaintiff's strenuous activities as only one of several reasons to discount Plaintiff's credibility. Doc. 12 at 14-15; Tr. 20. Based on the requirements of 20 C.F.R. § 404.1529, the ALJ considered Plaintiff's symptoms and the extent to which the symptoms reasonably can be accepted as consistent with the objective medical and other evidence. Tr. 18-20. After properly discussing the standard and the medical evidence, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting

effects of these symptoms are not entirely credible for the reasons explained in this decision."  Tr. 20.

"If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true."  *Wilson*, 284 F.3d at 1225 (internal citations omitted).  "The question is not . . . whether the ALJ could have reasonably credited [a claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."  *Werner*, 421 F. App'x at 939.  "A clearly articulated credibility finding with supporting evidence in the record will not be disturbed by a reviewing court."  *Foote*, 67 F.3d at 1562.  Here, based on his detailed and accurate analysis of the entire record, the ALJ discounted Plaintiff's credibility for the reasons clearly articulated in her decision, such as Plaintiff's treatment records, daily activities and testimony.  Tr. 18-20.  Accordingly, the Court finds that the ALJ properly assessed Plaintiff's credibility.

## V.  Conclusion

Upon review of the record, the Court concludes that the ALJ applied the proper legal standards, and her determination that Plaintiff was not disabled prior to June 15, 2014 is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of September, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record